# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KALILAH ANDERSON,<br><br>    Plaintiff,<br><br> v.<br><br>TRANSUNION, LLC, et al.<br><br>    Defendants. | CIVIL ACTION<br><br>NO. 17-1813 |

**Goldberg, J.**                                    **January 8, 2018**

## MEMORANDUM OPINION

Plaintiff Khalilah Anderson brings the current action against Defendants Trans Union, LLC ("Trans Union"), Experian Information Solutions, Inc. ("Experian"), Equifax Information Services, LLC ("Equifax"), and Santander Bank, N.A. ("Santander") under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.* Defendant Equifax has moved to dismiss the case for lack of venue or, alternatively, to transfer the case to the Northern District of Georgia. Neither Plaintiff nor any other Defendant has filed an opposition to this Motion. For the reasons set forth below, I will transfer the case the Northern District of Georgia.

## I. FACTS AS ALLEGED IN THE COMPLAINT

The Complaint alleges the following facts:

Defendants Trans Union, Experian, and Equifax (the "credit reporting agencies") have been reporting "derogatory and inaccurate statements and information" relating to Plaintiff and Plaintiff's credit history to third parties from at least August 2015 through the present. This inaccurate information includes Plaintiff's account with Santander and consists of accounts and/or trade lines that do not belong to Plaintiff. (Compl. ¶¶ 10–12.) Plaintiff claims to have disputed

the inaccurate information with the credit reporting agencies both orally and in written communications. (Id. ¶¶ 14–15.) Notwithstanding Plaintiff's efforts, however, the credit reporting agencies have, without proper investigation, sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information. (Id. ¶ 16–17.)

Defendant Santander has also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies. (Id. ¶ 18.) Around 2015, Santander began calling Plaintiff on his cellular telephone, using an automated dialing system and artificial voice technology, to "harass" Plaintiff and coerce payment. (Id. ¶¶ 20–21.) Plaintiff wrote a cease and desist letter, on November 19, 2016, requesting that Santander refrain from contacting her on her cell phone, but Santander continued to call using the automated dialing system. (Id. ¶¶ 22–23.)

Plaintiff initiated the current action on April 21, 2017, alleging violations of the FCRA and violations of the TCPA. On October 13, 2017, Defendant Equifax filed a Motion to Dismiss for Improper Venue or, alternatively, for Transfer to the Northern District of Georgia. Neither Plaintiff[1] nor any other Defendant has opposed the Motion.

## II.    MOTION TO DISMISS FOR IMPROPER VENUE UNDER F.R.C.P. 12(b)(3)

### A.    Standard of Review

Under 12(b)(3), a court must grant a motion to dismiss if venue is improper. Fed. R. Civ. P. 12(b)(3). When a plaintiff files a suit in an improper forum, "district courts are required either to dismiss or transfer to a proper forum." Lafferty v. St. Riel, 495 F.3d 72, 77 (3d Cir. 2007) (citing Goldlawr, Inc. v. Heiman, 369 U.S. 463, 465–66); 28 U.S.C. § 1406(a). Motions to dismiss for improper venue "generally require the court to accept as true the allegations of the

---

[1] The parties filed a Stipulation, which I signed on October 30, 2017, giving Plaintiff an extension of time to respond to the Motion until November 10, 2017. As of the date of this Opinion, no response has been filed.

pleadings." Heft v. AAI Corp., 355 F. Supp. 2d 757, 762 (M.D. Pa. 2005) (citing Pinker v. Roche Holdings Ltd., 292 F.3d 361, 368 (3d Cir. 2002)). "The parties may submit affidavits in support of their positions, and may stipulate as to certain facts, but the plaintiff is entitled to rely on the allegations of the complaint absent evidentiary challenge." Heft, 335 F. Supp. 2d at 762 (citing Carteret Sav. Bank, F.A. v. Shushan, 954 F.2d 141, 142 n.1 (3d Cir. 1992); Myers v. Am. Dental Ass'n, 695 F.2d 716, 724 (3d Cir. 1982)). "Dismissal is considered to be a harsh remedy . . . and transfer of venue to another district court in which the action could originally have been brought, is the preferred remedy." Spiniello Cos. v. Moynier, No. 13-5145, 2014 WL 7205349, at *5 (D.N.J. Dec. 17, 2014) (quoting NCR Credit Corp. v. Ye Seekers Horizon, Inc., 17 F. Supp. 2d 317, 319 (D.N.J. 1998)).

**B.  Discussion**

"The test for determining venue is not the defendant's 'contacts' with a particular district, but rather the location of those 'events or omissions giving rise to the claim . . . .'" Cottman Transmission Sys., Inc. v. Martino, 36 F.3d 291, 294 (3d Cir. 1994). According to 28 U.S.C. 1391(a), venue is proper only in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Because the residences of all of the Defendants in this case are unknown, for venue to be proper, the Eastern District of Pennsylvania must be "a judicial district in which a substantial part

3

of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Equifax argues that Pennsylvania is not a proper venue because the events or omissions pertinent to Plaintiff's credit file with Equifax occurred in Atlanta, Georgia, where Equifax is located and where its policies and procedures are developed. Equifax asserts that the Complaint does not allege any facts to show that any events pertinent to this dispute occurred in Pennsylvania.

While Equifax's argument is not entirely meritless, I note that the Complaint alleges that the other Defendants, Trans Union and Experian, have principal places of business in Pennsylvania and regularly conduct business here. Taking these allegations as true, it is reasonable to infer—at least for purposes of this Motion—that at least some of the events giving rise to the Complaint may have occurred in Pennsylvania. Accordingly, I will deny the Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(3).

## III. MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(b)

### A. Standard of Review

Under 28 U.S.C. § 1404(a), a district court may transfer an action to any other district "where it might have been brought" if this transfer is "for the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a); see also In re Genentech, Inc., 566 F.3d 1338, 1341–42 (Fed. Cir. 2009). The determination of whether to transfer venue pursuant to § 1404(a) is governed by federal law. See Jumara v. State Farm Ins. Co., 55 F.3d 873, 877-878 (3d Cir. 1995).

Analysis of a request for a § 1404(a) transfer has two components. First, both the original venue and the requested venue must be proper. Jumara, 55 F.3d at 879. As noted above, venue is proper in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) a judicial district in which a substantial part

of the property that is the subject of the action is situated. 28 U.S.C. § 1391. A business entity resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." Id. § 1391(c)(2); see also Johnson v. Equifax Info. Servs., LLC, No. 17-066, 2017 WL 2779568, at *2 (E.D. Pa. June 27, 2017).

Second, the purpose of allowing § 1404(a) transfers is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Mosaid Techs., Inc. v. Sony Ericsson Mobile Commc'ns (USA), Inc., 885 F. Supp. 2d 720, 723 (D. Del. 2012) (quoting Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (further quotations omitted)). Accordingly, the court must undertake a balancing test comprised of various public and private interest factors. Jumara, 55 F.3d at 879. Analyses of transfers under § 1404(a) are "flexible and must be made on the unique facts of each case." Job Haines Home for the Aged v. Young, 936 F. Supp. 223, 227 (D.N.J. 1996) (internal quotations omitted). The court's discretion is broad in deciding whether to transfer. Synthes, Inc. v. Knapp, 978 F. Supp. 2d 450, 458–59 (E.D. Pa. 2013).

**B.     Discussion**

Equifax moves to transfer this case, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Northern District of Georgia. Absent any opposition from any other party, I find transfer to be warranted.

1.     Whether Venue is Proper in the Northern District of Georgia

As an initial matter, venue is proper in the proposed transferee district. "Multiple courts considering § 1404 transfer motions in FCRA cases have noted that the situs of the material events . . . is generally the place where the defendant credit reporting agency conducted its business." Smith v. Hireright Solutions, Inc., No. 09–6007, 2010 WL 2270541, at *4 (E.D. Pa. June 7, 2010) (collecting cases).

5

According to the affidavit of Equifax's Operations Strategist, Alicia Fluellen,[2] Equifax's consumer reporting database is located and maintained in Atlanta, Georgia, which is where creditors and other data furnishers send in consumer information, where the information is processed and added to Equifax's consumer database, and from where credit reports are issued. (Decl. of Alicia Fluellen ("Fluellen Decl.") ¶¶ 10–12.) Because all of the actions with respect to this lawsuit occurred in Georgia, venue is proper in that forum.

### 2. The Jumara Factors

Having determined that venue is proper in Georgia, I must now analyze whether the balance of conveniences weighs in favor of transfer. Under Jumara, the private interest factors include: (1) the plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses; and (6) the location of books and records. Id. at 879. The public interests include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) considerations of administrative difficulty resulting from court congestion; (4) the local interest in deciding controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. Id.

#### a. Plaintiff's Forum Preference

The analysis begins with an examination of Plaintiff's choice of venue, as manifested by where the suit was originally brought. As a general rule, a plaintiff's choice of venue is of

---

[2] As noted above, in deciding a § 1404a) transfer motion, a court may consider evidence external to the complaint. "Appropriate supporting evidence includes documents, affidavits, or statements concerning the availability of material witnesses, relative ease of access to evidence, and business or personal hardships that might result for the moving parties." Fellner v. Phila. Toboggan Casters, Inc., No. 05-2052, 2005 WL 2660351, at *4 (E.D. Pa. Oct. 18, 2005).

paramount consideration and "should not be disturbed lightly." In re Amkor Tech., Inc. v. Sec. Litig., No. 06-298, 2006 WL 3857488, at *3 (E.D. Pa. Dec. 28, 2006) (quoting Weber v. Basic Comfort, Inc., 155 F. Supp. 2d 283, 285 (E.D. Pa. 2001)). Nonetheless, a plaintiff's choice of forum is given less weight where plaintiff chooses a forum that is not his home forum and fails to make a "strong showing of convenience" in his original choice. Gore v. Stryker Corp., No. 09-2987, 2010 WL 3069653, at *3 (E.D. Pa. Aug. 4, 2010).

In the present case, Plaintiff is not a resident of Pennsylvania, but rather resides in Georgia. Plaintiff has not made any showing of convenience in keeping this case in Pennsylvania. Accordingly, I decline to give this factor any weight.

b. Defendant's Forum Preference

The second factor—defendant's forum choice—is "entitled to considerably less weight than Plaintiff's, as the purpose of a venue transfer is not to shift inconvenience from one party to another." EVCO Tech. and Dev. Co. v. Precision Shooting Equip., Inc., 379 F. Supp. 2d 728, 730 (E.D. Pa. 2003) (citations omitted). Nevertheless, given that both Equifax and Plaintiff are residents of Georgia, Defendant's preference for a Georgia forum weighs in favor of transfer.

c. Whether the Claim Arose Elsewhere

As noted above, multiple courts considering § 1404 transfer motions in FCRA cases have found that that the situs of the material events, and thus the appropriate venue, is generally the place where the defendant credit reporting agency conducted its business. See, e.g., Hireright Solutions, 2010 WL 2270541, at *4 (citing cases); Bogollagama v. Equifax Info. Servs., LLC, No. 09–1201, 2009 WL 4257910, at *3 (E.D. Pa. Nov. 30, 2009).

Here, it is undisputed that Equifax's consumer center and consumer reporting database are located in Georgia. (Fluellen Decl. ¶¶ 9–10.) Moreover, credit reports and other information are issued to inquiring companies from the database in Georgia, consumer reports are assembled in

7

Georgia through an automated process that uses the consumer database as the sole source of consumer information, and all of the information in Equifax's credit file is stored and maintained in Georgia. (Id. ¶¶ 11–13.) Plaintiff alleges no actions by Equifax that would place the situs of the material events within the Eastern District of Pennsylvania. Because any alleged wrongdoing by Equifax would have occurred in Georgia, this factor weighs in favor of transfer.

          d.        Convenience of the Parties and Party Witnesses

With respect to the convenience of the parties and party witnesses factor, Georgia is clearly the more appropriate venue. As noted by Equifax, all Equifax employees who would testify regarding (a) the underlying factual allegations, (b) Plaintiff's credit reports, and (c) Equifax's policies and procedures related to dispute resolution are located in Georgia. (Fluellen Decl. ¶ 22.) Equifax avers that none of its communications with Plaintiff took place in Pennsylvania, and it is aware of no documents or witnesses with knowledge of the allegations that are located within the Eastern District of Pennsylvania. (Id. ¶¶ 25–28.) Absent any contrary showing by Plaintiff, I must weigh this factor in favor of transfer.

          e.        Convenience of Non-Party Witnesses

The convenience of non-party material witnesses "is a particularly significant factor in a court's decision whether to transfer." Idasetima v. Wabash Metal Prods., Inc., No. 01–97, 2001 WL 1526270, at *2 (E.D. Pa. Nov. 29, 2001). Here, neither party has identified any non-party witnesses that they might call in this case. As this factor neither favors nor undermines transfer, I give it no weight.

          f.        Location of Books and Records

The final private factor is the location of books and records. Generally, this factor is given little weight "as technological advances 'have shortened the time it takes to transfer information, reduced the bulk or size of documents or things on which information is recorded . . . and have

lowered the cost of moving that information from one place to another.'" Papbst Licensing GmbH & Co. KG v. Lattice Semiconductor Corp., 126 F. Supp. 3d 430, 443 (D. Del. 2015) (quoting Cypress Semiconductor Corp. v. Integrated Circuit Sys., Inc., No. 01-199, 2001 WL 1617186, at *3 (D. Del. 2015)).

Equifax avers that all documents and data associated with this dispute are in Georgia. (Fluellen Decl. ¶ 23.) Although there is no indication that these documents could not be easily transferred to Pennsylvania, this factor still weighs slightly in favor of transfer.

g.  The Public Interests

Of the public interest factors, I find that most of them have no bearing on the transfer inquiry. I do note, however, that two of the factors carry some, albeit minor, weight in the transfer analysis. First, given the fact that all Equifax documents and witnesses are in Georgia, practical considerations would make a trial there easy, expeditious, and less expensive. Moreover, the fact that both Expedia and Plaintiff are Georgia residents gives a Georgia federal court and jury more of an interest in deciding the controversy.

**C.  Conclusion as to Transfer**

Having considered Equifax's briefing and exhibits, and absent any opposition from Plaintiff or the other Defendants, I find that Equifax has clearly demonstrated that this case could have been brought in the Northern District of Georgia and that the balance of conveniences favors transfer. Accordingly, I will grant Equifax's Motion to Transfer this matter to the United States District Court for the Northern District of Georgia.